LEVI D. BOONE, plaintiff in error, *v.* CALEB STONE *et al.*, for the use of Elias B. Paine, defendants in error.

*Error to Madison.*

To a *scire facias* to revive a judgment in the names of the plaintiffs, for the use of another, the defendant pleaded, that after judgment in the *scire facias* men-tioned, and before the assignment of the same, as alleged in the said *scire facias*, the plaintiffs became bankrupts and were duly discharged, &c. To this plea the plaintiffs demurred, and the demurrer was sustained: *Held,* that the counsel for the beneficial plaintiff, by direct averment, should have replied the assignment to him prior to the bankruptcy of the nominal plain-tiffs, in order to have avoided the effect of the plea, and to protect the rights of the beneficial plaintiff.

A declaration, plea or replication will be sustained, rejecting mere surplusage, if the pleading would be substantially good without it.

SCIRE FACIAS, in the Madison Circuit Court, brought by the nominal plaintiffs below, who are defendants here, for the use of the beneficial plaintiff, against the present plaintiff in

Boone *v.* Stone *et al.*

error. Judgment was rendered against the defendant below on a demurrer to one of his pleas. He prosecutes a writ of error, and the several assignments of error will appear in the Opinion of the Court.

*A. T. Bledsoe,* for the plaintiff in error.

*E. Keating, H. W. Billings & L. B. Parsons, Jr.,* for the defendants in error.

The Opinion of the Court was delivered by

PURPLE, J.*  In this case, a *scire facias* was issued from the Court below to revive a judgment rendered at the August term, A. D. 1837, in favor of Stone, Manning and Glover, against the plaintiff in error, Levi D. Boone. The *scire facias* is in the usual form, except that it contains the following allegation: "And, whereas, the said judgment has been assigned and transferred to one Elias B. Paine, and he having besought us to revive said judgment."

Boone pleaded three pleas. *First,* that the assignment mentioned in the *scire facias* was never made, as therein stated; *Second,* that after the judgment in the *scire facias* mentioned, and before the assignment of the same as alleged in said *scire facias,* Manning, Glover and Stone, severally become bankrupts, and received their discharges and certificates, as such, under the Act of Congress in such cases made and provided; and *Third, Nul tiel record,* concluding, "and this he is ready to verify. Wherefore he prays judgment," &c.

To the first and second pleas the plaintiffs below demurred, and the Court sustained the demurrer. To the third they replied, "and the plaintiff doth the like."

The errors assigned are: *First,* that the Court below erred in sustaining the demurrer to the first and second pleas; *Second,* in giving judgment against defendant when his third plea was not replied to; and *Third,* in rendering judgment against defendant below, whereas it should have been in his favor.

---

* Justices THOMAS and DENNING did not sit in this case.

As to the first plea no question has been made upon the argument, that to it, the demurrer was properly sustained. It is conceded, that under that plea and the state of facts presented by it, it would have been immaterial whether such assignment had been made or not, so far as the defendant in the Court below was concerned. He could only be compelled to pay the money once, and whether he should pay it upon an execution or judgment, suggesting that it was for the use of a third person or otherwise, would be to him a matter of no moment. This suggestion upon the record is in all cases designed, and permitted, only for the purpose of protecting the equitable interests of the assignee of a chose in action, or judgment, when such assignee is not by law allowed to sue or prosecute in his own name. A defendant can in no case take advantage of, or be in any respect affected or prejudiced by such proceeding.

The real issue and the only material one tendered by the second plea, is, that after the rendition of the judgment, and before the issuing of the writ of *scire facias*, the plaintiffs below had become bankrupts. I have before shown that the allegation in the *scire facias* in relation to the assignment of the judgment, is not a material or traversable averment—that it is mere surplusage. This principle of law relative to immaterial averments, extends alike to all the pleadings in the case; and a declaration plea, or replication will be sustained, rejecting mere surplusage, if the pleading would be substantially good without it. Testing this plea by this rule, and it plainly and clearly presents a full defence to the cause of action set out in the *scire facias.* Rejecting that portion of it which attempts to traverse the immaterial matter in the *scire facias*, to wit: "and before the assignment of the judgment as alleged in said *scire facias*," and leaving the residue of the same to stand as a plea of the defendant below, and it states in substance and in sufficiently technical language, that after the judgment in the *scire facias* mentioned was rendered, the plaintiffs in the judgment had become bankrupts, and obtained their discharge and certificates as such. *Prima facie*, this plea shows that

they have no right to sue upon the judgment, and that the legal and equitable interest in the same has passed to their assignees in bankruptcy, in whose name as assignee alone the *scire facias* could be maintained. 1 Com. Dig. 60; 15 East, 622. If the counsel for the defendant here had wished to avoid the effect of this plea, by showing an equitable interest in the person for whose use the *scire facias* was sued out, he should by direct averment have replied the assignment to him prior to the bankruptcy of the plaintiff in the *scire facias*. To show that such would have been the proper practice, I refer to the case of *Winch* v. *Kelly*, 1 Durnford & East, 356. In this manner the issue upon the question would be formed, and if it should appear that there was such assignment, *bona fide* made before the application and discharge in bankruptcy, the Court would protect the equity of the assignee, by permitting him to use the names of the plaintiffs in the judgment to enforce the collection of the same.

The other point made is, that there is no issue, or an improper issue taken upon the plea of *nul tiel record*. This is purely technical in its character, and whether or not it would, under the circumstances, be considered as sufficient to reverse the judgment, is unnecessary to decide. But, in as much as the cause will be remanded for further proceedings in the Circuit Court, it may not be improper for the parties to make up a more formal issue on that plea.

The judgment of the Circuit Court is reversed with costs, and the cause remanded with directions to the Circuit Court to award a *venire de novo*.

*Judgment reversed.*